```
                                          FILED
                                     U.S. DISTRICT COURT
                                     EASTERN DISTRICT OF LA

                                     2001 MAR -7 PM 4:08

                                       LORETTA G. WHYTE
                                            CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS, LOUISIANA

| | | |
|---|---|---|
| ALCAN RUBBER & CHEMICAL, INC. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 00-0033 |
| | * | |
| M/V STAR GRAN, her engines, tackle, | * | SECTION N |
| etc., *in rem*, and STAR SHIPPING A.S., | * | |
| GRIEG SHIPPING A.S., P.T. ANDHIKA | * | |
| LINES, and GRAN, INC., *in personam* | * | MAGISTRATE 2 |

## ANSWER OF P.T. ANDHIKA LINES

NOW COMES P.T. Andhika Lines ("Andhika") one of the defendants in this cause, without waiving such defenses as it may have with respect to lack of jurisdiction and insufficient service of process, but specifically preserving those defenses, and answers plaintiff's complaint herein as follows:

I.

Defendant avers that this Honorable Court lacks jurisdiction over the subject matter and/or the person of defendant and/or that there is insufficiency of process and/or insufficiency of service of process herein.

II.

The United States District Court for the Eastern District of Louisiana is not a proper forum for the resolution of the instant litigation as there is a more convenient forum under the doctrine of forum non conveniens, and venue is improper here.

III.

The complaint fails to state a claim or cause or right of action against this defendant for which relief can be granted.

IV.

The complaint is barred by laches and/or the applicable limitations for filing suit, whether statutory or contractual.

V.

And now answering specifically the allegations of the complaint, Andhika avers on information and belief as follows:

FIRST

The allegations contained in the first paragraph of the complaint are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

SECOND

The allegations contained in the second paragraph of the complaint are denied, except to admit that at all times relevant hereto, the M/V STAR GRAN is an oceangoing cargo vessel.

THIRD

The allegations contained in the third paragraph of the complaint are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof, except to admit that Andhika Lines is a foreign corporation.

## FOURTH

Because the fourth paragraph of the complaint fails to allege bills of lading numbers or other identifying information with respect to the cargo referred to in that paragraph, defendant is without sufficient information to form a belief as to the truth of the averments of this paragraph, therefore they are denied.

## FIFTH

The allegations contained in the fifth paragraph of the complaint are denied.

## SIXTH

The allegations contained in the sixth paragraph of the complaint are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

## SEVENTH

The allegations contained in the seventh paragraph of the complaint are denied.

## EIGHTH

The allegations contained in the eighth paragraph of the complaint are denied.

## VI.

Further answering the complaint, defendant denies each and every allegation of the complaint not specifically admitted herein.

## VII.

The disputes embraced in the complaint fall within the scope of charter parties and/or contracts of affreightment and/or bills of lading that are referable to arbitration provided for in said charter parties and/or contracts of affreightment and/or bills of lading. This suit should therefore be stayed pending arbitration.

VIII.

In the further alternative, defendant asserts that if the cargo referred to in plaintiff's complaint was damaged, which is specifically denied, said damage occurred when said cargo was not in the custody and control of defendant and, therefore, defendant should not be held liable for such loss.

IX.

Further answering the complaint, and in the alternative, defendant alleges that if the cargo which is the subject of the complaint sustained any damage while in custody of this defendant, which allegations are denied, then said damage resulted from act, neglect or default in the navigation or management of the vessel, act of God, or perils, dangers and accidents of the sea or other navigable waters, inherent defect, quality or vice of the goods themselves, insufficiency or inadequacy of the packaging of goods, latent defects not discoverable by due diligence, fire and/or other causes arising without the fault or privity of defendants or without the fault or privity of the agents or servants of defendant. Defendant shows that such damage, which is denied, was a consequence of one or more of the foregoing, and that under the applicable bills of lading, contracts of carriage, any applicable charter parties and the applicable law, defendant is not liable to plaintiff herein.

X.

In the further alternative, defendant asserts that the plaintiff's claim as alleged is subject to the $500.00 limitation per package and/or customary freight unit, as provided by COGSA.

XI.

Further answering, and in the alternative, defendant submits that if plaintiff sustained any damages as a result of the cargo being in its custody, which is denied, then the damage resulted from fire and/or other causes arising without the design or neglect of the defendants, and without the design or neglect of any agent or servant of the defendant. Defendant shows that any such damage,

which is denied, is subject to defendant's defense under the Fire Statute, 46 U.S.C. §182, and accordingly defendant is not liable to plaintiff.

XII.

In the further alternative, defendant asserts that if the cargo which is the subject of the complaint was damaged, which is specifically denied, plaintiff is placed on its full proof of the fairness and reasonableness of the steps, if any, taken by plaintiff to minimize the damage.

XIII.

Without waiving the foregoing defenses or its right to contest liability, defendant avers that it was not a "carrier" of plaintiff's cargo and that other parties are partially or wholly liable to plaintiff and/or Andhika Lines.

XIV.

Wherefore, defendant prays that this, answer and defenses, be deemed good and sufficient, and that after due proceedings be had, there be judgment herein in favor of Andhika Lines and against plaintiff, dismissing the complaint at plaintiff's costs and for all such other relief as equity and the justice of this cause may require and permit.

Respectfully submitted,

*Sean Bracken*

ANTONIO J. RODRIGUEZ, T.A. (#11375)
MARY C. HUBBARD (#1426)
SEAN P. BRACKEN (#26608)
FOWLER, RODRIGUEZ, KINGSMILL,
FLINT & GRAY, L.L.P.
201 St. Charles Avenue, 36th Floor
New Orleans, LA 70170
Telephone: (504) 523-2600
Facsimile: (504) 523-2705
Attorneys for: P.T. Andhika Lines

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of this pleading was served either by depositing a copy in the United States Mail (first class postage prepaid and properly addressed), facsimile or overnight mail to the following counsel this 7th day of March, 2001:

John F. Fay
Francis J. Barry, Jr.
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 529-7389

*/s/ Sean Bracken*

F:\USERS\JBEALL\2367-4\PLEADING\ANSCOM2.WPD (March 7, 2001 (3:31PM)