

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 NOV 13 PM 4:38

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALCAN RUBBER & CHEMICAL, INC. | CIVIL ACTION |
| VERSUS | NO. 00-0033 |
| M/V STAR GRAN, her engines, tackle, etc., *in rem* and STAR SHIPPING A.S., | SECTION N |
| GRIEG SHIPPPING A.S., P.T. ANDHIKA LINES, GRAN, INC., *in personam* | MAGISTRATE 2 |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AGAINST ALCAN RUBBER & CHEMICAL, INC.

NOW INTO COURT, though undersigned counsel, comes P.T. Andhika Lines, defendant herein, and, pursuant to Rule 56 of the F.R.C.P., moves for summary judgment against Alcan Rubber & Chemical Inc., for the reasons set forth in the attached memorandum.

Respectfully submitted,

_____
ANTONIO J. RODRIGUEZ, T.A. (#11375)
MARY C. HUBBARD (#1426)
FOWLER, RODRIGUEZ, KINGSMILL, FLINT,
GRAY & CHALOS, L.L.P.

Fee _____
Process _____
X Dktd _____
CtRmDep _____
Doc.No. 23

201 St. Charles Avenue, 36th Floor
New Orleans, Louisiana 70170
Telephone: (504) 523-2600
Attorneys for Defendant P.T. Andhika Lines

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon the following counsel of record either by hand delivery or by depositing same in the United States mail, postage prepaid and properly addressed, this 13 day of Nov, 2001.

F:\USERS\JBEALL\2367-4\Pleading\MSJ.wpd (November 12, 2001 (7:44PM)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALCAN RUBBER & CHEMICAL, INC. | CIVIL ACTION |
| VERSUS | NO. 00-0033 |
| M/V STAR GRAN, her engines, tackle, etc., *in rem* and STAR SHIPPING A.S., GRIEG SHIPPING A.S., P.T. ANDHIKA LINES, GRAN, INC., *in personam* | SECTION N<br>MAGISTRATE 2 |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

NOW INTO COURT, through undersigned counsel, comes defendant, P.T. Andhika Lines, who submits the following Memorandum in Support of its Motion for Summary Judgment.

**FACTS**

P.T. Andhika Lines, time charterer of the vessel M/V RANGITANE, issued a bill of lading (Exhibit 1) for 1878.24 MT of Rubber "as agent for carrier" for transport from Palembang, Indonesia to Cigading. The M/V RANGITANE completed its performance in accordance with the bill of lading by delivering the cargo to the M/V STAR GRAN in Cigading. Star Shipping issued a second bill of lading for the voyage from Cigading to New Orleans. A fire occurred aboard the carrier M/V STAR GRAN allegedly resulting in the cargo damage claimed by plaintiff.

The bill of lading issued in Palembang contained the following relevant clauses:

> The responsibility of the Carrier shall be *limited* to the part of the transport *performed by him* on vessels under his management and *no claim* will be acknowledged by the Carrier for damage or loss arising during *any other part of the transport* even though the freight for the whole transport has been collected by him.

Additionally, this bill expressly designates the M/V RANGITANE as the *pre-carrier* while the M/V STAR GRAN is designated as the *on-carrier*. Furthermore, the bill of lading issued by the M/V STAR GRAN unambiguously indicates that P.T. Andhika Lines was the shipper of this cargo, not the carrier. Finally, the bill issued by the M/V STAR GRAN contains the signature of a representative for STAR SHIPPING who signed the bill "as carrier" for the shipment at issue.

## LEGAL ARGUMENT

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (1996). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Subsequent to a motion for summary judgment being made, the non-movant must set forth specific facts demonstrating that there is in fact a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Hanks v. Transcon. Gas Pipe Line Corp., 953 F.2d 996, 997 (5th Cir. 1992). A genuine issue of material fact exists only when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. A mere naked assertion that a factual dispute exists will not defeat an otherwise properly supported motion. Id.

Additionally, summary judgment is also appropriate if the party opposing the motion fails to establish an essential element of their claim. Celotex Corp., 477 U.S. at 322-23. The non-moving party may not merely deny the allegations raised by the moving party; rather, they must produce competent evidence to support their claim. Donaghey v. Ocean Drilling, 974 F.2d 646, 649 (5th Cir. 1992). "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial" and the movant is entitled to judgment as a matter of law. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Accordingly, Andhika Lines should be dismissed from this case.

### ANDHIKA LINES IS NOT LIABLE FOR DAMAGES TO THE PLAINTIFF'S CARGO UNDER THE TERMS OF THE BILL OF LADING

Plaintiff, Alcan Rubber & Chemical Inc., has brought this action for damage to its rubber cargo allegedly sustained as a result of a fire which occurred aboard the M/V STAR GRAN. It is undisputed that the only fire occurred on the STAR GRAN. Further, it is undisputed that separate bills of lading were issued for the voyage from Palembang to Cigading aboard the pre-carrier M/V RANGITANE, and then transshipped to the on-carrier M/V STAR GRAN which carried the cargo to the port of discharge in New Orleans. It is undisputed that if any damage occurred to the cargo, which is specifically denied, any and all damage took place subsequent to the M/V RANGITANE's completed performance in accordance with the express terms of the bill of lading calling for the M/V RANGITANE to deliver the cargo from Palembang to Cigading. It is further undisputed that if any damage occurred to the cargo, any and all damage occurred while the cargo was in the exclusive control and custody of the M/V STAR GRAN.

Thus, the theory under which P.T. Andhika Lines could be liable for cargo damage occurring

aboard the M/V STAR GRAN would be if the bill of lading issued by the M/V RANGITANE was considered to be a through bill, imposing liability for safe carriage on the M/V RANGITANE from the time it accepted the goods until the goods were discharged at the ultimate destination by the M/V STAR GRAN. However, the bill of lading in the instant matter is clearly not a through bill of lading, but rather a transshipment bill of lading, relieving the pre-carrier, the M/V RANGITANE, from all liability for damages occurring subsequent to its transferring custody of the cargo in Cigading to the M/V STAR GRAN.

An inspection of all pertinent provisions in the bill of lading issued by the RANGITANE unquestionably establishes that this was a transshipment bill of lading. First, in the bill of lading issued by P.T. Andhika Lines, the M/V RANGITANE is designated as the pre-carrier, and identified as transporting the cargo at issue from Palembang, Indonesia to the transshipment point at Cigading, while the M/V STAR GRAN is shown as the receiving vessel with the place of ultimate destination identified as New Orleans. That this was intended to be a transshipment bill is further reflected by the Andhika Lines signature on the bill of lading "as agent for carrier." Moreover, the bill issued by the M/V STAR GRAN contains the signature of an agent for STAR SHIPPING, identifying STAR SHIPPING, not the RANGITANE, as the carrier. While none of the aforementioned stipulations or provisions specifically state that this is a transshipment bill of lading, it is well-established that no specific language is required for a bill to be a transshipment bill of lading. Yang Mach. Tool Co. v. Sea-Land Serv., Inc., 1995 A.M.C. 2153, 2157 (9th Cir. 1995) (concluding that the use of the term "transshipment" in a bill of lading was not necessary for a finding that notice of transshipment was given).

The New Jersey District Court was called upon to determine whether a particular bill of

lading was a transshipment or a through bill. Volvo Transp. Corp. v. M/V CONCERT EXPRESS, 1991 A.M.C. 535, 540, 542 (D.N.J. 1991), aff'd mem., 935 F.2d 1284 (3d Cir. 1991). In making this determination, the court noted that the bills of lading contained two distinct ports, the first being Baltimore, identified as the point of discharge, and the second, San Juan, identified as the place of ultimate delivery by on-carrier. Primarily because the point of discharge for the first carrier was different from the point of final discharge for the on-carrier, the court summarily concluded that the carriage under this type of a bill is defined as a transshipment. As in Volvo, the bill of lading issued by the RANGITANE contains two distinct ports, one being the transshipment port, and the other being the place of ultimate delivery.

Upon a finding that the bill in the instant matter is a transshipment bill of lading, it is well-settled that a carrier may limit its responsibility for cargo damage to the period during which it is in actual custody of the goods. This is frequently done by creating the transshipment bill of lading, relieving the pre-carrier of liability after its successful discharge of the cargo to the on-carrier. Volvo, 1991 A.M.C. at 540, 542 (granting summary judgment to defendant upon a finding that a bill of lading showing Baltimore as the port of discharge and San Juan as the place of ultimate delivery to be a transshipment, not a through bill of lading, enabling carrier to validly disclaim any liability for damage occurring after the goods left its custody in Baltimore); CIA Int'l de Seguros, S.A. v. Barber Lines A/S, 1989 A.M.C. 824, 825 (S.D. Fla. 1988) (holding that defendant, ocean carrier, issued a "port to port" rather than a through bill of lading and, thus, was entitled under COGSA to limit its responsibility to the period of its own custody which terminated when it delivered the container to the on-carrier); El-Khateib v. S.S. Eurofreighter, 1980 A.M.C. 893, 895 (S.D.N.Y. 1979) (holding that where there is an agreement between carrier and shipper providing for transshipment

at a particular location the bill of lading may limit the issuing carrier's responsibility to the period during which the goods are in its actual custody).

As stated in Volvo Transport Corp. v. M/V CONCERT EXPRESS, 1991 A.M.C. 535, 540, 542 (D.N.J. 1991), "courts have permitted the carrier who arranged and first accepted the goods for shipment and payment therefore to serve only as the shipper's agent when goods are 'on-carried' by a different carrier from the first port of destination. In this way the issuing carrier may terminate its liability upon delivery of the goods to the designated discharge port." Id.

The bill of lading issued by P.T. Andhika Lines provides in pertinent part:

> The responsibility of the Carrier shall be *limited* to the part of the transport *performed by him* on vessels under his management and *no claim* will be acknowledged by the Carrier for damage or loss arising during *any other part of the transport* even though the freight for the whole transport has been collected by him.

The express and unambiguous language contained in this bill clearly indicates that the parties intended to limit the RANGITANE's liability as pre-carrier to the period during which it was engaged in transport, and to preclude all claims for damages occurring subsequent to the RANGITANE's discharge of the cargo. An identical exoneration clause was contained in the bill of lading in Volvo Transport Corp. v. M/V CONCERT EXPRESS, 1991 A.M.C. 535, 540 (D.N.J. 1991). In Volvo, the court, in granting summary judgment for the defendant, held that the "exculpatory language in [this clause] of the Bills of Lading governing the shipment . . . in this case is sufficient to absolve [defendant] from liability for any losses suffered by plaintiff after the cargo had left defendant's control." Similarly, the identical exculpatory language contained in the bill of lading issued by the RANGITANE should be enforced and prevent the assessment of liability against the pre-carrier RANGITANE.

## FORUM SELECTION/CHOICE OF LAW CLAUSE

In addition to Andhika Lines being completely free from fault or liability for any damage to the cargo, the express provisions of the bill of lading issued by Andhika Lines clearly provide: "Any dispute arising under the Bill of Lading shall be decided in the country where the carrier has his principal place of business and the law of such country shall apply . . . ." Forum-selection clauses such as this are common features of bills of lading and are regularly enforced. See generally Vimar seguros y Reaseguros, S.A. v. M/V SKY REEFER, 515 U.S. 528 (1995); Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991). As the Fifth Circuit noted in Mitsui & Co. (USA), Inc. v. MIRA M/V, 111 F.3d 33, 35 (5th Cir. 1997), "[t]he Supreme Court has consistently held forum-selection and choice-of-law clauses presumptively valid." The validity of these clauses may only be overcome by a showing that the clauses are unreasonable under the circumstances. Id. "The burden of proving unreasonableness is a heavy one carried only by a showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the plaintiff of his day in court." M/S BREMEN v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). In the instant matter, there is no evidence that the aforementioned clause contained in the bill of lading was entered into in violation of any of the conditions set forth in BREMEN. Thus, in accordance with the controlling clause contained in the bill of lading, the proper forum for any dispute in this matter is Singapore, and any action in this matter should be stayed pending arbitration in accordance therewith.

## SUMMARY

The undisputed facts demonstrate that when the RANGITANE discharged the cargo at issue in Cigading it was undamaged, and that any and all damage that may have occurred took place after

-7-

the RANGITANE successfully completed its performance in accordance with the applicable bill of lading. Under the express terms of the transshipment bill of lading issued by the RANGITANE, once the goods were no longer in the custody and control of the carrier, RANGITANE, no claim for "damage or loss arising during any other part of the transport" could lie against the RANGITANE. Additionally, the forum-selection and choice-of-law clause contained in the bill of lading preclude rendition of a judgment against Andhika Lines in this forum. Accordingly, Andhika Lines requests that its motion for summary judgment dismissing P.T. Andhika Lines from this action be granted.

Respectfully submitted,

_____
ANTONIO J. RODRIGUEZ, T.A. (#11375)
MARY C. HUBBARD (#1426)
FOWLER, RODRIGUEZ, KINGSMILL, FLINT,
GRAY & CHALOS, L.L.P.
201 St. Charles Avenue, 36th Floor
New Orleans, Louisiana 70170
Telephone: (504) 523-2600
Attorneys for Defendant:
P.T. Andhika Lines

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon the following counsel of record either by hand delivery or by depositing same in the United States mail, postage prepaid and properly addressed, this ___ day of _____, 2001.

_____

F:\USERS\UBEALL\2367-4\Pleading\MJSMSJ.wpd (November 12, 2001 (7:45PM)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALCAN RUBBER & CHEMICAL, INC. | CIVIL ACTION |
| VERSUS | NO. 00-0033 |
| M/V STAR GRAN, her engines, tackle, etc., *in rem*, and STAR SHIPPING A.S., GRIEG SHIPPING A.S., P.T. ANDHIKA LINES, GRAN, INC., *in personam* | SECTION N<br><br>MAGISTRATE 2 |

## STATEMENT OF UNCONTESTED MATERIAL FACTS

Defendant, P.T. Andhika Lines, through undersigned counsel, submits the following uncontested material facts and submits that there is no genuine issue as to the truth thereof:

I.

Plaintiff's cargo of rubber was allegedly damaged as a result of a fire accident which occurred aboard the M/V STAR GRAN.

II.

The fire and resultant damage that allegedly occurred to plaintiff's cargo occurred while the cargo was aboard the M/V STAR GRAN.

III.

No damage to plaintiff's cargo was sustained while the cargo was in the custody of this defendant.

IV.

The bill of lading issued by P.T. Andhika Lines reflects that the M/V RANGITANE was the "pre-carrier" of the shipment that was allegedly damaged.

V.

The bill of lading issued by P.T. Andhika indicates that the RANGITANE signed the bill of lading as "agent for carrier."

VI.

The bill of lading issued by P.T. Andhika contains a forum-selection and choice-of-law clause providing that disputes are to be resolved in Singapore.

                Respectfully submitted,

                _____
                ANTONIO J. RODRIGUEZ, T.A. (#11375)
                MARY C. HUBBARD (#1426)
                FOWLER, RODRIGUEZ, KINGSMILL, FLINT, GRAY & CHALOS, L.L.P.
                201 St. Charles Avenue, 36th Floor
                New Orleans, Louisiana 70170
                Telephone: (504) 523-2600
                Attorneys for Defendant P.T. Andhika Lines

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing pleading has been served upon the following counsel of record either by hand delivery or by depositing same in the United States mail, postage prepaid and properly addressed, this ___13___ day of ___Nov._____, 2001.

_____

F:\USERS\JBEALL\2367-4\PLEADING\STMTUNC.wpd (November 12 2001 (7:44PM)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALCAN RUBBER & CHEMICAL, INC. | CIVIL ACTION |
| VERSUS | NO. 00-0033 |
| M/V STAR GRAN, her engines, tackle, etc., *in rem*, and STAR SHIPPING A.S., GRIEG SHIPPING A.S., P.T. ANDHIKA LINES, GRAN, INC., *in personam* | SECTION N<br>MAGISTRATE 2 |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that the defendant's motion for summary judgment will be brought on for hearing in the United States District Court for the Eastern District of Louisiana, 500 Camp Street, New Orleans, Louisiana, before the Honorable Edith Brown Clement, United States District Judge, on the 28th day of November, 2001, at 10:00 a.m. or as soon thereafter as the matter may be heard.

Respectfully submitted,

ANTONIO J. RODRIGUEZ, T.A. (#11375)
MARY C. HUBBARD (#1426)
FOWLER, RODRIGUEZ, KINGSMILL, FLINT,

GRAY & CHALOS, L.L.P.
201 St. Charles Avenue, 36th Floor
New Orleans, Louisiana 70170
Telephone: (504) 523-2600
Attorneys for Defendant P.T. Andhika Lines

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon the following counsel of record either by hand delivery or by depositing same in the United States mail, postage prepaid and properly addressed, this 13th day of November, 2001.

_____

F:\USERS\JBEALL\2367-4\PLEADING\NOTOFHEARING.wpd (November 13, 2001 (2:28PM)