FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 DEC -7 PM 4: 32

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Alcan Rubber & Chemical, Inc. | CIVIL ACTION |
| Plaintiff | NO. 00-0033 C/W 00-3467 |
| VERSUS | SECTION "N" (2) |
| M/V STAR GRAN, her engines, tackle, apparel, etc., *in rem*, Star Shipping A.S., Grieg Shipping A.S., P.T. Andhika Lines and Gran, Inc., *in personam* | JUDGE: Edith Brown Clement |
| | MAGISTRATE: Joseph C. Wilkinson, Jr. |
| Defendants | |

**MEMORANDUM IN OPPOSITION TO
DEFENDANT P.T. ANDHIKA LINES'S
MOTION FOR SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

Defendant, P.T. Andhika Lines (hereinafter "Andhika Lines"), is seeking summary judgment on the issue of its liability for damages to plaintiff Alcan Rubber & Chemical Company, Inc.'s consignment of rubber carried pursuant to bills of lading issued by movant Andhika Lines and further requesting that this Court dismiss Andhika Lines from the captioned proceedings.

Defendants Star Shipping A.S., Grieg Shipping A.S., and Gran, Inc. (hereinafter "Star"), oppose defendant Andhika Lines's motion for summary judgment on the grounds that the issue of Andhika Lines's liability regarding the alleged cargo damage and the question of whether Andhika Lines's bills of lading were "through bills of lading" or merely issued as part of a pre-carriage and transshipment, is premature as there remain material issues of fact in dispute regarding these matters.

## BACKGROUND

Pursuant to a liner booking note dated October 26, 1999 (Exhibit "A") defendant, Andhika Lines, arranged for the carriage of plaintiff's consignment of rubber aboard the M/V RANGITANE to the Port of Cigading, Indonesia, connecting with the M/V STAR GRAN for on-carriage to its final discharge port at New Orleans, Louisiana. In accordance with the booking note, defendant Andhika Lines issued bills of lading covering the carriage of the subject consignment of rubber.

The rubber cargo was loaded aboard the M/V RANGITANE at the Port of Palembang, Indonesia and carried to the Port of Cigading, Indonesia where it was discharged and stored ashore while awaiting the arrival of the M/V STAR GRAN. Whereafter, the rubber was then loaded aboard the STAR GRAN for on carriage to New Orleans with claused bills of lading issued by Star for the voyage to New Orleans. The Andhika Lines's bill of lading showed the cargo as "clean onboard"; however, at the time of loading aboard the STAR GRAN numerous exceptions regarding the condition of the cargo of rubber were taken and noted in the mate's receipts which were attached to and became part of bills of lading issued for that leg of the carriage.

While en route to New Orleans, a fire occurred aboard the M/V STAR GRAN in the hold where the subject rubber cargo was stowed, and allegedly caused some damage to the cargo of rubber. Upon discharge of the cargo in the United States, plaintiff, Alcan brought the subject litigation naming as defendants the M/V STAR GRAN, defendants "Star" and Andhika Lines.

## LAW AND ARGUMENT

Defendant Andhika Lines correctly states that Federal Rule of Civil Procedure 56 calls for summary judgment when

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). In the present case, there are many issues of material fact in dispute as to the liability of the parties and the true nature and intent of the relevant bills of lading.

In its supporting memorandum, Andhika Lines contends that its liner bill of lading was not intended to be a "through bill of lading" and is merely intended to cover the carriage aboard the M/V RANGITANE between ports in Indonesia. Yet even a cursory review of the Andhika Lines lading lends factual support to the contrary. Specifically, the Andhika Lines lading in the lower left-hand corner shows an asterisks and reads: "applicable only when document used as a through bill of

-3-

lading." There are asterisks printed in sections of the document denoting "pre-carriage by", "place of transfer by pre-carrier", and "place of delivery by on-carrier". All of these designated spaces on the Andhika Lines bill of lading have been completed by the issuing party indicating pre-carriage by the M/V RANGITANE from the Port of Palembang, Indonesia with final delivery by on-carrier to the Port of New Orleans. These entries on the Andhika Lines bill of lading contradict Andhika Lines contentions that the its bill of lading was intended to be a "transshipment bill of lading".

Further review of the Andhika Lines bill of lading indicates that freight is payable as per charter party. The referenced charter party was not attached as an exhibit to Andhika's motion for summary judgment nor has it been produced through discovery to date. Thus leaving factual issues unresolved as to the true intentions of the parties regarding issues of responsibility and liability for the carriage.

There is also a genuine issue as to the liability of Andhika Lines for the alleged cargo damage claimed by plaintiff Alcan. The Andhika Lines bill of lading shows the cargo as loaded "clean on board"; however, the Star bill of lading covering the on-carriage by the M/V STAR GRAN notes exceptions as to the condition of the cargo referencing notations on mate's receipts issued during the loading of the cargo at the Port Cigading, Indonesia. The exceptions clearly suggest the cargo may have sustained damage during either the carriage aboard the M/V RANGITANE and prior to loading aboard the M/V STAR GRAN.

Additionally, the bill of lading covering that portion of the carriage aboard the STAR GRAN clearly states on the front of the lading that the cargo is to be released "on production of P.T.

Andhika Lines bills of lading No. PLM/NOL-01,02,03,04,05,06,07, and 08, suggesting that the Andhika Lines ladings were in fact intended to be "through bills of lading".

The Andhika Lines' booking note concerning the carriage of the subject consignment of rubber clearly states on its face under Section No. 5 that the cargo was to be carried aboard the M/V RANGITANE connecting to the M/V STAR GRAN for discharge at the Port of New Orleans. It appears full freight was collected by Andhika Lines from the shipper. From the booking note, the carriage was intended to be on "liner terms, hook/hook both ends" suggesting that payment of the freight by the shipper covered carriage from the initial load port in Indonesia to the final discharging port at New Orleans.

Whether a bill of lading is considered to be a "through bill of lading" is clearly a question of fact to be determined by the trier of fact after examining all the evidence. *Coutinho, Caro & Co. v. Hyde Park Shipping, Inc.*, 1992 WL 165725 (E.D.La. 1992). As the court in *Coutinho* clearly pointed out, the determination whether a bill of lading was "a through bill of lading" is a factual inquiry and for the present, defendant Andhika Lines has not presented sufficient evidence to support or to warrant a finding that there are no material facts at issue in dispute regarding the subject ladings and/or Andhika Lines liability for the claimed cargo damages. Defendant Andhika Lines contention that there are no issues of material fact in dispute as to the issue of its liability is not supported by the evidence, for the reasons stated above, defendant Andhika Lines' Motion for Summary Judgment should be denied.

Respectfully submitted:

TERRIBERRY, CARROLL & YANCEY, L.L.P.

_____
ROBERT J. BARBIER (TA) (#2741)
STEPHEN E. MATTESKY (#9046)
3100 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3100
Telephone: 504/523-6451
Attorneys for Defendants
Star Shipping A.S., Grieg Shipping A.S., and Gran, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been duly served upon all counsel of record by telecopier or by depositing same in the U.S. mail, properly addressed, postage prepaid, this 7rd day of December 2001.

_____

TO : ARCT - TRAFFIC DEPT : ATT. MR.JIMMY COX

FROM : PT. ANDHIKA JASA LOGISTINDO      FAX NO. :       OCT. 26 1999 09:17AM F

TO : PT. RHIFICO JAYA - MR. NUR.NUNGKAT
FM : PT. ANDHIKA JASA LOG - CAPT. ALIAS

### JOB NO : 002/AJL/X/99

| 1 Agents<br>PT. ANDHIKA JASA LOGISTINDO<br>MENARA KADIN INDONESIA (7TH FLOOR)<br>JL.H.R.RASUNA SAID BLOK X-5,KAV.2 & 3, JAKARTA 12950<br>INDONESIA. TEL: (6221)5227220, FAX: (6221)57903707 | "CONLINE BOOKING"<br>LINER BOOKING NOTE |
|---|---|
| | 2. Place and date<br>JAKARTA, OCTOBER 26 1999 |
| 3. Carrier<br>ANDHIKA CHARTERING PTE LTD<br>79 ANSON ROAD # 10-04<br>SINGAPORE 079906<br>TEL: (65)3233500, FAX: (65) 3233700 | 4. Merchant (see Clause 1)<br><br>ALCAN RUBBER & CHEMICAL, INC.,<br>20 BROADWAY, NEW YORK 10006, USA |
| 5. Vessel's name<br>MV.RANGITANE VOY. 01.002.99 . ETA JAMBI 2ND NOV 1999<br>CONNECTING TO MV.STAR GRAN VOY. SEA1099<br>ETA NEW ORLEANS 10TH - 15TH DECEMBER 1999 | 6. Time for shipment<br><br>5TH - 8TH NOV 1999 |
| 7. Loading port (or so near thereunto as the vessel may safely get and lie always afloat)<br>JAMBI, INDONESIA | 8. Discharging port<br><br>NEW ORLEANS, U.S.A |
| 9. Description of goods<br>- 1200 UNITS OF RUBBER (SHRINK WRAPPED AND PALLETISED)<br>  DIMENSION : ABT 54" X 43" X 43" (LWH) - NETT ABT 1260 KGS PER UNIT<br>OTHER TERMS :<br>- CARGO BEING FORKLIFT HANDABLE AND STACKABLE<br>- CARRIERS BERTH ALL ENDS<br>- FULL FREIGHT TO BE PAID TO OWNERS NOMINATED ACCOUNT WITHIN 7 BANKING DAYS ACOL SIGNING<br>  RELEASING BILLS OF LADING MARKED " FREIGHT PAYABLE AS PER C/P"<br>- OWNERS AGENTS BOTH ENDS<br>- CARGO TO BE FULLY STACKABLE UPTO 4 TIERS AND CARGO IS NOT ALLOWED TO BE LOADING DURING RAIN<br>- FULL OR PART CARGO IN CARRIERS OPTION / ARBITRATION IN SINGAPORE AND ENGLISH LAW TO APPLY<br>- ANY TAXES/DUES WHARFAGE ON CARGO/FRT OR CALCULATED ON SAME TO BE FOR CHTRS ACCT | |
| 10. Freight rate (also indicate whether prepayable or payable at destination)<br>US$98.00 PER UNIT BASIS LINER TERMS HOOK/HOOK BOTH ENDS | 11. Demurrage rate (If agreed)<br>DAMAGES FOR DETENTION US$ 4000 PDPR INCASE CGO<br>AND/OR CGO DOCUMENTS NOT READY UPON VESSEL<br>ARRIVAL IN LOAD/DISCH PORT |
| 12. Merchant's representatives at loading port (state full name and address, telegraphic address, telephone and telephone and telex)<br>PT. RHIFICO JAYA PUTRA (J O)<br>BUNAS CENTRE, SUITE 10.03-A, JL SENEN RAYA 135, JAKARTA - 10410, INDONESIA<br>TEL: (6221) 3814261, FAX : 380-2422<br>P.I.C : MR. NUR NUNGKAT | |
| 13. Special terms, if agreed<br><br>LINER TERMS HOOK/HOOK | EXHIBIT<br>A |

It is hereby agreed that this Contract shall be performed subject to the terms contained on Page 1 and 2 hereof which shall prevail over any previous arrangements and which shall in turn be superseded (except as to deadfreight and demurrage) by the terms of the Bill of Lading, the terms of which (in full or in extract) are found on the reverse side hereof.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Alcan Rubber & Chemical, Inc. | CIVIL ACTION |
| Plaintiff | NO. 00-0033 C/W 00-3467 |
| VERSUS | SECTION "N" (2) |
| M/V STAR GRAN, her engines, tackle, apparel, etc., *in rem*, Star Shipping A.S., Grieg Shipping A.S., P.T. Andhika Lines and Gran, Inc., *in personam* | JUDGE: Edith Brown Clement |
| | MAGISTRATE: Joseph C. Wilkinson, Jr. |
| Defendants | |

### OBJECTIONS TO P.T. ANDHIKA LINES' STATEMENT OF UNCONTESTED MATERIAL FACTS

NOW INTO COURT, through undersigned counsel, come defendants Star Shipping A.S., Grieg Shipping A.S., and Gran, Inc. and respectfully submit their objections to the Statement of Uncontested Material Facts of P.T. Andhika Lines filed in conjunction with the Motion for Summary Judgment in the captioned claim. Defendants specifically contest and object to paragraphs I, II, III, V, and VI of the Statement of Uncontested Material Facts on the grounds that these facts are contested in whole or in part and are issues reserved for the trier of fact to resolve.

Respectfully submitted:

TERRIBERRY, CARROLL & YANCEY, L.L.P.

_____
ROBERT J. BARBIER (TA)   (# 2741)
STEPHEN E. MATTESKY   (#9046)
3100 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3100
Telephone: 504/523-6451
Attorneys for Defendants
Star Shipping A.S., Grieg Shipping A.S., and Gran, Inc.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been duly served upon all counsel of record by telecopier or by depositing same in the U.S. mail, properly addressed, postage prepaid, this 7TH day of December 2001.   And by telefax

_____