FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 MAY 20 PM 4: 30

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALCAN RUBBER & CHEMICAL CO.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-0033 c/w**<br>**NO. 00-3467** |
| **M/V STAR GRAN, *ET AL.*** | **SECTION "S" (5)** |

## ORDER AND REASONS

Defendant P.T. Andhika Lines has filed a motion for summary judgment (Document 23). **IT IS ORDERED** that Andhika's motion is hereby **GRANTED,** and Alcan's claim against Andhika is **DISMISSED** because the forum selection clause requires this claim to be brought ". . . where the carrier has its principal place of business."

**A.    Factual Background.**

On October 26, 1999, plaintiff Alcan Rubber & Chemical Company contracted with defendant Andhika to transport a shipment of 1200 units of rubber owned by Alcan from Jambi, Indonesia to New Orleans, Louisiana. The "'Conline Booking' Liner Booking Note" executed between Alcan and Andhika reflects that the rubber was to be carried initially on the M/V RANGITANE, which Andhika had time-chartered, connecting with the M/V STAR GRAN for continuation to New Orleans. On November 9, 1999, eight "Liner Bills of Lading" were issued by

DATE OF ENTRY
MAY 21 2002

Andhika in Palembang, Indonesia. The "Substitution of Vessel, Transhipment and Forwarding" section of the Bills stated, in pertinent part:

> The responsibly of the Carrier shall be limited to the part of the transport performed by him on vessels under his management and no claim will be acknowledged by the Carrier for damage or loss arising during any other part of the transport even though the freight for the whole transport has been collected by him.

The "Jurisdiction" clause of each Bill stated that "Any dispute arising under this Bill of Lading shall be decided in the country where the carrier has his principal place of business, and the law in such country shall apply except as provided elsewhere herein."

During the voyage from Cigading to New Orleans, a fire allegedly occurred in hold number 8 aboard the STAR GRAN, damaging Alcan's rubber. Alcan filed suit on January 5, 2001, naming as defendants the STAR GRAN *in rem*, Star Shipping A.S., Grieg Shipping A.S., Andhika Lines, and Gran, Inc. Andhika has filed a motion for summary judgment that jurisdiction is lacking because the forum selection clauses in the Bills of Lading require disputes to be resolved "where the carrier has its principal place of business."

**B.     Analysis.**

Under Rule 56(c), summary judgment "shall be rendered" if the evidence presented to the court demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The parties' burdens are well established:

> Procedurally, the party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. The Court must accept the evidence of the nonmoving party and draw all justifiable inferences in favor of that party. However, to meet its burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," but instead, must "come forward with 'specific facts showing that there is a genuine issue for trial.'"

2

*Taita Chemical Co., Ltd. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001) (citations omitted).[1]

Andhika argues that the "Jurisdiction" provisions in the Bills of Lading are forum selection clauses that required that suit be filed in its home jurisdiction, allegedly Singapore.[2] The Supreme Court has held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S. Ct. 1907, 32 L.Ed.2d 513 (1972). Further, "The burden of proving unreasonableness is a heavy one, carried only by a showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the plaintiff of his day in court." *Mitsui & Co. (USA), Inc. v. MIRA M/V*, 111 F.3d 33, 35 (5th Cir. 1997) (*per curiam*); *see also Haynsworth v. The Corporation,* 121 F.3d 956, 963 (5th Cir. 1997) ("The party resisting enforcement . . . bears a 'heavy burden of proof.'") (*quoting Bremen*, 407 U.S. at 17), *cert. denied*, 523 U.S. 1072, 118 S. Ct. 1513, 140 L.Ed.2d 666 (1998); *Marinechance Shipping v. Sebastian*, 143 F.3d 216, 220 (5th

---

[1] *Quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986) and *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986).

[2] Alcan initially argues that Andhika waived its right to enforce the forum selection clause because it neglected to file its motion until after the cutoff date for jurisdiction/venue motions. Andhika clearly raised a venue challenge in its answer. *See* "Answer of P.T. Andhika Lines" at ¶ II. ("The United States District Court for the Eastern District of Louisiana is not a proper forum for the resolution of the instant litigation as there is a more convenient forum under the doctrine of *forum non conveniens*, **and venue is improper here**.") (emphasis added). Andhika filed its motion for summary judgment on November 13, 2001, before participating in any meaningful way in the defense of this case. Although Alcan claims that Andhika's delay prejudiced it because its claim may now be time-barred in another forum, its argument is very vague and Alcan presents no specific facts to substantiate its claim of prejudice.

3

Cir.) ("To overcome the presumption that a forum selection clause is enforceable, the party challenging the clause must make a 'strong showing' that the clause is unreasonable."), *cert. denied*, 525 U.S. 1055, 119 S. Ct. 620, 142 L.Ed.2d 559 (1998).

Alcan argues that the forum selection clauses are too vague to be enforced because they do not identify the specific forum where it had to file suit. Alcan notes that while Andhika claims to be located in Singapore, the other carrier, Star Gran, is a Norway company. While there may be more than one carrier, the Bills of Lading containing the forum selection clause are between only two companies, Andhika and Alcan, and it is obviously Andhika's place of business that is relevant.

Alcan also argues that it will be prejudiced if the forum selection clause is enforced because having the dispute against Star Gran resolved in the Eastern District of Louisiana while the dispute against Andhika is resolved in Singapore will be very inconvenient. However, "Increased cost and inconvenience are insufficient reasons to invalidate foreign forum-selection clauses." *Mitsui*, 111 F.3d at 36.

Alcan finally argues that it will be prejudiced if the forum selection clause is enforced because Singapore may enforce the identity-of-carrier clause in each Bill of Lading in derogation of the substantive provisions of the Carriage of Goods By Sea Act (COGSA). Paragraph 17 of each Bill of Lading is an "identity-of-carrier" clause, which provides in pertinent part:

> The Contract evidenced by this Bill of Lading is between the Merchant and the Owner of the vessel named herein (or substitute) and it is therefore agreed that said Shipowner only shall be liable for any damage or loss due to any breach or non-performance of any obligation arising out of the contract of carriage, whether or not relating to the vessel's seaworthiness. If, despite the foregoing, it is adjudged that any other is the carrier and/or bailee of the goods shipped hereunder, all limitations of and exoneration from liability provided for by law or by this Bill of Lading shall be available to such other.

The intended effect of such a clause is to insulate a time-charterer such as Andhika from liability by foisting all responsibility onto the owner of the vessel. *See, e.g.*, William Tetley, *The Demise of the Demise Clause*, 44 Mcgill L.J. 807, 809 (1999) ("The identity-of-carrier clause . . . declares that, under the contract evidenced by the bill, the carrier is the shipowner and the time or voyage charterer who issues the bill is only the agent, with no liability."). This type of clause appears to conflict with COGSA, which provides, in pertinent part:

> Any clause, covenant, or agreement in a contract of carriage relieving the carrier or the ship from liability for loss or damage to or in connection with the goods, arising from negligence, fault, or failure in the duties and obligations provided in this section, or lessening such liability otherwise than as provided in this chapter, shall be null and void and of no effect.

46 U.S.C. § 1303(8).

Alcan argues that courts in the United States have refused to enforce demise and identity-of-carrier clauses because they attempt to circumvent the provisions of COGSA. *See, e.g., Demise*, 44 McGill L.J. at 817 (stating that "virtually all American courts that have confronted squarely the issue of the acceptability of demise and identity-of-carrier clauses have determined them to be unlawful attempts to circumvent the mandatory rules on the liability of the carrier of goods by sea, contrary to the U.S. COGSA"). Although the Fifth Circuit has not directly addressed the validity of identity-of-carrier clauses under COGSA, it has examined the effect of so-called "demise" clauses, which are similar. A demise clause "stipulates that if a ship is not owned or chartered by demise to the company issuing the bill, then the contract evidenced by the bill is solely with the owner or demise charterer, and that the party issuing the bill of lading (usually the time or voyage charterer) is merely an agent and has no personal liability whatsoever in respect of the contract." *Demise*, 44 McGill L.J. at 809. In *Thyssen Steel Co. v. M/V KAVO*

*YERAKAS*, 50 F.3d 1349 (5th Cir. 1995), the Fifth Circuit noted specifically that demise clauses "are void under COGSA." *Id.* at 1353.

Alcan argues that the identity-of-carrier clause in each Bill of Lading would be invalid under COGSA, and that the clause would be upheld under Singapore law. Alcan has not provided the court with any proof that the Singapore court would be required under Singapore law to enforce the identity-of-carrier clause in violation of COGSA. Accordingly, Alcan has failed to carry its burden of showing that enforcement of the forum selection clause "would be unreasonable and unjust." *Bremen*, 407 U.S. at 15.

C.   **Conclusions.**

The court will enforce the forum selection clause, and Alcan's claim against Andhika is dismissed.

New Orleans, Louisiana this 20 day of May, 2002.

Mary Ann Vial Lemmon
United States District Judge