

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JUN -6 PH 3:58

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Alcan Rubber & Chemical, Inc. and Royal & Sunalliance Insurance Australia Limited<br>　　　　　Plaintiff<br><br>VERSUS<br><br>M/V STAR GRAN, her engines, tackle, apparel, etc., *in rem*, STAR SHIPPING A.S., P.T. Andhika Lines and Gran, Inc., *in personam*<br><br>　　　　　Defendants | CIVIL ACTION<br><br>NO. 00-0033 and 00-3467<br>consolidated NO. 00-0033<br><br>SECTION: "S" (2)<br>Judge Lemmon<br><br>MAGISTRATE:<br>Mag. Alma L. Chasez |

### UNOPPOSED RULE 54(b) MOTION TO CERTIFY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, comes Alcan Rubber & Chemical, Inc. ("Alcan") who respectfully request that, pursuant to Rule 54(b), this Honorable Court certify its judgment of May 20, 2002 dismissing Alcan's claims against P.T. Andhika Lines for all the reasons more fully set forth in the attached Memorandum in Support. Counsel for Alcan has conferred with a counsel for Andhika Lines, who has no opposition to this Motion or the Court's Certification of this matter under Rule 54 (b).

DATE OF ENTRY
JUN 1 0 2002



Respectfully submitted,

*[signature]*

JOHN F. FAY, JR. (La. Bar #1870), T.A.
FRANCIS J. BARRY, JR. (#2830)
WILLIAM K. TERRILL, II (#25897)
of
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
755 Magazine Street
New Orleans, Louisiana 70130
Tel: (504) 581-5141
Fax: (504) 529-7389
**Attorneys for Alcan Rubber & Chemical, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been duly served upon all counsel of record by U.S. Mail, properly addressed, postage prepaid, this 6th day of June, 2002.

*[signature]*

G:\VICTORIA\Jff\STARGRAN\PLEADING\Rule 54(b).wpd

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Alcan Rubber & Chemical, Inc.<br>and Royal & Sunalliance Insurance<br>Australia Limited<br>　　　　　　　Plaintiff<br><br>VERSUS<br><br>M/V STAR GRAN, her engines, tackle,<br>apparel, etc., *in rem*, STAR SHIPPING<br>A.S., P.T. Andhika Lines and Gran, Inc., *in personam*<br><br>　　　　　　　Defendants | CIVIL ACTION<br><br>NO. 00-0033 and 00-3467<br>consolidated NO. 00-0033<br><br>SECTION: "S" (2)<br>Judge Lemmon<br><br>MAGISTRATE:<br>Mag. Alma L. Chasez |

## MEMORANDUM IN SUPPORT OF UNOPPOSED RULE 54(b) MOTION TO CERTIFY JUDGMENT

**MAY IT PLEASE THE COURT:**

This matter involves a claim for damage to a consignment of rubber products owned by Alcan Rubber & Chemical Company, Inc. ("Alcan") carried under bills of lading from Palembang, Indonesia to New Orleans, Louisiana. At discharge in New Orleans, the rubber products were found with one or more of the following change conditions: bleached, imbedded with wood splinters, missing skids, compressed, adrift, delivered short units, and/or fire or smoke damaged. A suit for

damage was initiated in New Orleans by Alcan on January 5, 2001. Named as defendants in this suit are the M/V STAR GRAN, as well as the carriers of the cargo - Star Shipping, Grieg Shipping, P.T. Andhika Lines ("Andhika Lines") and Gran, Inc.

Andhika Lines filed a Motion for Summary Judgment, arguing, in part, that this matter should be stayed pending arbitration in Singapore.[1] On May 21, 2001, this court entered Judgment, dismissing Alcan's claims against Andhika Lines on the basis of a forum selection clauses in the Andhika bills of lading.[2] (Exhibit "A"). Alcan now requests that this Court, pursuant to a Federal Rule of Civil Procedure 54 (b), certify the Judgment in this matter, as this matter involves multiple parties and there is no just cause for delay. The certification of this matter will allow for an immediate appeal of the dismissal of Andhika on the basis of the forum selection clause and bring a final resolution to Andhika's potential involvement with this matter.

Certification in this matter under Rule 54(b) is appropriate because:

1. An immediate determination regarding whether Andhika is subject to the forum may help to avoid a second, later trial on many of the same or similar factual issues that will be before the

---

[1] The P.T. Andhika Lines' bills of lading do not specify arbitration in Singapore . Rather, the bills of lading contain a general clause providing that "any dispute under the bill of lading shall be decided in the country where the carrier has his principal place of business, and the law of such country shall apply except as provided elsewhere herein. Andhika apparently is attempted to rely upon a reference to "arbitration in Singapore, English law to apply", appearing in the conline booking note. The conline booking note, however, specifically provides that the terms of the bill of lading supercede any of the terms or conditions of the booking note. See, Alcan Rubber & Chemical, Inc.'s Opposition to P.T. Andhika Lines Motion for Summary Judgment, Docket No. 28 and attachments thereto.

[2] Alcan's claims against M/V STAR GRAN, Star Shipping, and Grieg Shipping remain pending before the court.

Court in any trial against the remaining defendants, as this case is on that involves the transportation of goods to New Orleans by multiple parties; and

2. Judicial efficiency will be fostered, as the probability of a later appeal and the potential for further litigation in the district court may be avoided.

### **Applicable Law and Argument**

Rule 54 (b) of the Federal Rules of Civil Procedure provides:

> When more than one claim for relief is presented in action, whether as a claim, counterclaim, cross-claim or third party claim, *or when multiple parties are involved,* the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an express determination that there is no reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights in liabilities of fewer than all of the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties. F.R.C.P. 54(b).

Under this legals standard, there are three prerequisites for obtaining an immediately appealable judgment from the District Court entered as to less than all parties. First, the judgment entered must completely dispose of all of the claims by or against at least one party. Second, there must be a determination that there is no just cause for delay. Finally, in clear and unmistakable language, the District Court must also direct a judgment as to one party. In its order entering a Rule 54(b) judgment, the District Court must clearly and cogently explain why it has concluded that an immediate appellate review of the order is advisable. *Cuoco v. Moritsugo*, 222 F. 3rd 99 (2d Cir.

2000) (order must contain reasoned explanation of the basis for certification; conclusory order or order that merely quotes the words of the Rule is not sufficient).

In the instant matter, all of these prerequisites are satisfied. The enforcement of the forum selection clause resulted in the dismissal of all of Alcan's claims against Andhika. Thus, the first requirement for 54 (b) certification is satisfied. (Exhibit "A" p. 6).

The second factor, that there is no just cause for delay, is likewise satisfied. An immediate determination as to whether Andhika is subject to the forum will permit all parties to adjudicate all claims in a single proceeding. In the event that a Rule 54(b) certification is <u>not</u> granted, than Andhika would have to obtain a final judgment against the other remaining parties in the litigation (i.e. the Star interests), appeal the Court's dismissal of Andhika from the litigation and potentially return to the District Court to adjudicate claims against Andhika. The immediate certification of the Court's May 20th Order will allow all parties to proceed to a single trial rather than face the possibility of multiple trials. In sum, the certification of this matter may help to avoid the bifurcation of this case and commensurate time delays and judicial inefficiencies that result from bifurcation. Thus, there is no just cause for delay in this matter.

In other cases, this Court has entered a Rule 54(b) certification where a party has been dismissed on the basis of a forum selection clause in a bill of lading. *See, Mitsui & Co., (USA), Inc. v. M/V MIRA*, 111 F. 3d 33 (5th Cir. 1997). In the instant matter, the certification is likewise appropriate, as it similarly involves a forum selection clause in the carriage of goods by sea context.

Finally, the district court dismissed all of Alcan's claims against Andhika. Alcan now seeks certification for the reasons set forth above.

-4-

Respectfully submitted,

_____
JOHN F. FAY, JR. (La. Bar #1870), T.A.
FRANCIS J. BARRY, JR. (#2830)
WILLIAM K. TERRILL, II (#25897)
of
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
755 Magazine Street
New Orleans, Louisiana 70130
Tel: (504) 581-5141
Fax: (504) 529-7389
**Attorneys for Alcan Rubber & Chemical, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been duly served upon all counsel of record by U.S. Mail, properly addressed, postage prepaid, this ___ day of June, 2002.

_____

G:\VICTORIA\Jff\STARGRAN\PLEADING\Memo in Support of Rule 54(b)-1.wpd

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Alcan Rubber & Chemical, Inc.<br>and Royal & Sunalliance Insurance<br>Australia Limited<br>              Plaintiff<br><br>VERSUS<br><br>M/V STAR GRAN, her engines, tackle,<br>apparel, etc., *in rem*, STAR SHIPPING<br>A.S., P.T. Andhika Lines and Gran, Inc., *in personam*<br>              Defendants | CIVIL ACTION<br><br>NO. 00-0033 and 00-3467<br>consolidated NO. 00-0033<br><br>SECTION: "S" (2)<br>Judge Lemmon<br><br>MAGISTRATE:<br>Mag. Alma L. Chasez |

## ORDER AND RULE 54(b) CERTIFICATION

Having considered the foregoing Unopposed Rule 54(b) Motion to Certify Judgment, this Court makes the following findings:

1. On May 21, 2001, this Court entered Order and Reasons dismissing all of Alcan Rubber and Chemical Company, Inc.'s ("Alcan") claims against P.T. Andhika Lines ("Andhika").

2. Andhika is one of the multiple defendants in this matter. Alcan continues to maintain claims in this matter against the M/V STAR GRAN, *in rem*, Star Shipping A.S., Gran, Inc., and Greig Shipping, *in personam*. The Court' Order and Reasons of May 20, 2002 apply only to Alcan's claims against Andhika.

3. This case involves a claim for damage to a cargo of rubber products allegedly damaged during carriage by sea from the Far East to the Port of New Orleans, Louisiana.

4. The Court determines that there is no just reason for delay of an entry of a final judgment in favor of Andhika, permitting an immediate appeal of the Court's May 20, 2002, Order and Reason, for the following reasons:

   a.) By entering a final judgment, thereby permitting an immediate appeal, a second, later trial against Andhika before the district court involving many of the same of similar factual issues that will be before the Court in any trial against the remaining defendants may be avoided if the Court of Appeals determines that Andhika is subject to the forum.

   b.) Judicial efficiency will be fostered by the certification of this matter under Rule 54(b), as the probability of a later appeal and the potential for further litigation may be avoided.

In light of the foregoing findings:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED and THIS COURT EXPRESSLY DIRECTS that:**

1. A final judgment dismissing Alcan's claims against Andhika be entered into the record;

2. The referenced final judgment as to Alcan's claims against Andhika be certified pursuant to Federal Rule of Civil Procedure 54(b), on the basis that the judgment applies only to one of multiple parties in this litigation and there is no just reason for delay of this final order.

New Orleans, Louisiana, this ___7___ day of June, 2002.

UNITED STATES DISTRICT JUDGE



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 MAY 20 PM 4: 30

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALCAN RUBBER & CHEMICAL CO. | CIVIL ACTION |
| VERSUS | NO. 00-0033 c/w<br>NO. 00-3467 |
| M/V STAR GRAN, *ET AL.* | SECTION "S" (5) |

### ORDER AND REASONS

Defendant P.T. Andhika Lines has filed a motion for summary judgment (Document 23). **IT IS ORDERED** that Andhika's motion is hereby **GRANTED,** and Alcan's claim against Andhika is **DISMISSED** because the forum selection clause requires this claim to be brought " . . where the carrier has its principal place of business."

**A.      Factual Background.**

On October 26, 1999, plaintiff Alcan Rubber & Chemical Company contracted with defendant Andhika to transport a shipment of 1200 units of rubber owned by Alcan from Jambi, Indonesia to New Orleans, Louisiana. The "'Conline Booking' Liner Booking Note" executed between Alcan and Andhika reflects that the rubber was to be carried initially on the M/V RANGITANE, which Andhika had time-chartered, connecting with the M/V STAR GRAN for continuation to New Orleans. On November 9, 1999, eight "Liner Bills of Lading" were issued by

DATE OF ENTRY
MAY 2 1 2002



Exhibit "A"

Andhika in Palembang, Indonesia. The "Substitution of Vessel, Transhipment and Forwarding" section of the Bills stated, in pertinent part:

> The responsibly of the Carrier shall be limited to the part of the transport performed by him on vessels under his management and no claim will be acknowledged by the Carrier for damage or loss arising during any other part of the transport even though the freight for the whole transport has been collected by him.

The "Jurisdiction" clause of each Bill stated that "Any dispute arising under this Bill of Lading shall be decided in the country where the carrier has his principal place of business, and the law in such country shall apply except as provided elsewhere herein."

During the voyage from Cigading to New Orleans, a fire allegedly occurred in hold number 8 aboard the STAR GRAN, damaging Alcan's rubber. Alcan filed suit on January 5, 2001, naming as defendants the STAR GRAN *in rem*, Star Shipping A.S., Grieg Shipping A.S., Andhika Lines, and Gran, Inc. Andhika has filed a motion for summary judgment that jurisdiction is lacking because the forum selection clauses in the Bills of Lading require disputes to be resolved "where the carrier has its principal place of business."

**B.    Analysis.**

Under Rule 56(c), summary judgment "shall be rendered" if the evidence presented to the court demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The parties' burdens are well established:

> Procedurally, the party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. The Court must accept the evidence of the nonmoving party and draw all justifiable inferences in favor of that party. However, to meet its burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," but instead, must "come forward with 'specific facts showing that there is a genuine issue for trial.'"

2

*Taita Chemical Co., Ltd. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001) (citations omitted).[1]

Andhika argues that the "Jurisdiction" provisions in the Bills of Lading are forum selection clauses that required that suit be filed in its home jurisdiction, allegedly Singapore.[2] The Supreme Court has held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S. Ct. 1907, 32 L.Ed.2d 513 (1972). Further, "The burden of proving unreasonableness is a heavy one, carried only by a showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the plaintiff of his day in court." *Mitsui & Co. (USA), Inc. v. MIRA M/V*, 111 F.3d 33, 35 (5th Cir. 1997) *(per curiam)*; *see also Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) ("The party resisting enforcement . . . bears a 'heavy burden of proof.'") *(quoting Bremen*, 407 U.S. at 17), *cert. denied*, 523 U.S. 1072, 118 S. Ct. 1513, 140 L.Ed.2d 666 (1998); *Marinechance Shipping v. Sebastian*, 143 F.3d 216, 220 (5th

---

[1] *Quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986) and *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986).

[2] Alcan initially argues that Andhika waived its right to enforce the forum selection clause because it neglected to file its motion until after the cutoff date for jurisdiction/venue motions. Andhika clearly raised a venue challenge in its answer. *See* "Answer of P.T. Andhika Lines" at ¶ II. ("The United States District Court for the Eastern District of Louisiana is not a proper forum for the resolution of the instant litigation as there is a more convenient forum under the doctrine of *forum non conveniens*, **and venue is improper here**.") (emphasis added). Andhika filed its motion for summary judgment on November 13, 2001, before participating in any meaningful way in the defense of this case. Although Alcan claims that Andhika's delay prejudiced it because its claim may now be time-barred in another forum, its argument is very vague and Alcan presents no specific facts to substantiate its claim of prejudice.

Cir.) ("To overcome the presumption that a forum selection clause is enforceable, the party challenging the clause must make a 'strong showing' that the clause is unreasonable."), *cert. denied*, 525 U.S. 1055, 119 S. Ct. 620, 142 L.Ed.2d 559 (1998).

Alcan argues that the forum selection clauses are too vague to be enforced because they do not identify the specific forum where it had to file suit. Alcan notes that while Andhika claims to be located in Singapore, the other carrier, Star Gran, is a Norway company. While there may be more than one carrier, the Bills of Lading containing the forum selection clause are between only two companies, Andhika and Alcan, and it is obviously Andhika's place of business that is relevant.

Alcan also argues that it will be prejudiced if the forum selection clause is enforced because having the dispute against Star Gran resolved in the Eastern District of Louisiana while the dispute against Andhika is resolved in Singapore will be very inconvenient. However, "Increased cost and inconvenience are insufficient reasons to invalidate foreign forum-selection clauses." *Mitsui*, 111 F.3d at 36.

Alcan finally argues that it will be prejudiced if the forum selection clause is enforced because Singapore may enforce the identity-of-carrier clause in each Bill of Lading in derogation of the substantive provisions of the Carriage of Goods By Sea Act (COGSA). Paragraph 17 of each Bill of Lading is an "identity-of-carrier" clause, which provides in pertinent part:

> The Contract evidenced by this Bill of Lading is between the Merchant and the Owner of the vessel named herein (or substitute) and it is therefore agreed that said Shipowner only shall be liable for any damage or loss due to any breach or non-performance of any obligation arising out of the contract of carriage, whether or not relating to the vessel's seaworthiness. If, despite the foregoing, it is adjudged that any other is the carrier and/or bailee of the goods shipped hereunder, all limitations of and exoneration from liability provided for by law or by this Bill of Lading shall be available to such other.

The intended effect of such a clause is to insulate a time-charterer such as Andhika from liability by foisting all responsibility onto the owner of the vessel. *See, e.g.*, William Tetley, *The Demise of the Demise Clause*, 44 Mcgill L.J. 807, 809 (1999) ("The identity-of-carrier clause . . . declares that, under the contract evidenced by the bill, the carrier is the shipowner and the time or voyage charterer who issues the bill is only the agent, with no liability."). This type of clause appears to conflict with COGSA, which provides, in pertinent part:

> Any clause, covenant, or agreement in a contract of carriage relieving the carrier or the ship from liability for loss or damage to or in connection with the goods, arising from negligence, fault, or failure in the duties and obligations provided in this section, or lessening such liability otherwise than as provided in this chapter, shall be null and void and of no effect.

46 U.S.C. § 1303(8).

Alcan argues that courts in the United States have refused to enforce demise and identity-of-carrier clauses because they attempt to circumvent the provisions of COGSA. *See, e.g., Demise*, 44 McGill L.J. at 817 (stating that "virtually all American courts that have confronted squarely the issue of the acceptability of demise and identity-of-carrier clauses have determined them to be unlawful attempts to circumvent the mandatory rules on the liability of the carrier of goods by sea, contrary to the U.S. COGSA"). Although the Fifth Circuit has not directly addressed the validity of identity-of-carrier clauses under COGSA, it has examined the effect of so-called "demise" clauses, which are similar. A demise clause "stipulates that if a ship is not owned or chartered by demise to the company issuing the bill, then the contract evidenced by the bill is solely with the owner or demise charterer, and that the party issuing the bill of lading (usually the time or voyage charterer) is merely an agent and has no personal liability whatsoever in respect of the contract." *Demise*, 44 McGill L.J. at 809. In *Thyssen Steel Co. v. M/V KAVO*

5

*YERAKAS*, 50 F.3d 1349 (5th Cir. 1995), the Fifth Circuit noted specifically that demise clauses "are void under COGSA." *Id.* at 1353.

Alcan argues that the identity-of-carrier clause in each Bill of Lading would be invalid under COGSA, and that the clause would be upheld under Singapore law. Alcan has not provided the court with any proof that the Singapore court would be required under Singapore law to enforce the identity-of-carrier clause in violation of COGSA. Accordingly, Alcan has failed to carry its burden of showing that enforcement of the forum selection clause "would be unreasonable and unjust." *Bremen*, 407 U.S. at 15.

**C.    Conclusions.**

The court will enforce the forum selection clause, and Alcan's claim against Andhika is dismissed.

New Orleans, Louisiana this 20 day of May, 2002.

Mary Ann Vial Lemmon
United States District Judge

6