

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 DEC -5 AM II: 33

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALCAN RUBBER & CHEMICAL CO. | CIVIL ACTION |
| VERSUS | NO. 00-0033 c/w<br>NO. 00-3467 |
| M/V STAR GRAN, *ET AL.* | SECTION "S" (5) |

### ORDER AND REASONS

Defendants Star Shipping A.S., Grieg Shipping A.S., and Gran, Inc. have moved *in limine* to exclude the testimony of plaintiff Alcan Rubber & Chemical Co.'s fire expert, George F. Casellas, from trial (Document 48). **IT IS ORDERED** that defendants' motion is hereby **DENIED**.

Alcan provided defendants with Casellas' report on October 15, 2002. Under the court's scheduling order, reports from Alcan's experts had to be provided to defendants no later than September 9, 2002. Alcan's counsel admits that Casellas' report was untimely, and counsel indicates that he simply made a mistake in thinking that a pending appeal of the court's dismissal of Alcan's claim against P.T. Andhika Lines stayed the case against the remaining defendants.

In *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996 (5th Cir. 1998), the Fifth

1

DATE OF ENTRY
DEC - 5 2002



Circuit held that district courts should consider four factors in determining whether the testimony of a late-designated expert should be permitted: "(1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness." *Id.* at 1000. Casellas is an important witness, for he is plaintiff's only expert who will testify about the cause of the fire that damaged its rubber. Defendants have not identified any undue prejudice they will sustain if Casellas is allowed to testify, and Alcan has offered to make him immediately available for a deposition. Trial is not scheduled to commence until January 13, 2002, and a continuance is unnecessary. Finally, plaintiff has offered at least some explanation for not producing Casellas' report. In sum, the factors identified in *Campbell* justify allowing Alcan to call Casellas at trial.

New Orleans, Louisiana this 5 day of December, 2002.

Mary Ann Vial Lemmon
United States District Judge