# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 02-30712
Summary Calendar

D.C. Docket No. 00-CV-33-S
00-CV-3467-S

U.S. COURT OF APPEALS
FILED
MAR 1 7 2003
CHARLES R. FULBRUGE III
CLERK

ALCAN RUBBER AND CHEMICAL INC

    Plaintiff - Appellant

v.

STAR GRAN MV, ETC; ET AL

    Defendants

P T ANDHIKA LINES

    Defendant - Appellee

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED APR 8 2003
LORETTA G. WHYTE
CLERK

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans.

Before JONES, STEWART, and DENNIS, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: APR 0 8 2003

OP-S-J-1

A true copy
Test
Clerk, U. S. Court of Appeals, Fifth Circuit
By _____
Deputy

New Orleans, Louisiana    APR 0 8 2003

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

U.S. COURT OF APPEALS
**FILED**

MAR 1 7 2003

No. 02-30712
Summary Calendar

CHARLES R. FULBRUGE III
CLERK

ALCAN RUBBER AND CHEMICAL INC.,

Plaintiff-Appellant,

VERSUS

STAR GRAN M/V, ETC; ET AL.,

Defendants,

P.T. ANDHIKA LINES,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Eastern District of Louisiana
(00-CV-33-S)

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Alcan Rubber and Chemical appeals the district court's grant of summary judgment to defendant P.T. Andhika Lines

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

on grounds of lack of subject matter jurisdiction. The district court cited a forum selection clause in the bills of lading between the parties indicating that any dispute between the parties was to be decided "in the country where the carrier has his principal place of business...." Alcan now argues that we should refuse to honor this clause and allow it to bring its claim in federal court.

"The enforceability of a forum-selection or arbitration clause is a question of law which is reviewed de novo." Afram Carriers v. Moeykens, 145 F.3d 298, 301 (5th Cir. 1998). Forum selection clauses are prima facie valid, and should be enforced unless the resisting party shows that enforcement is "unreasonable." M.S. Bremen v. Zapata-Off Shore Co., 407 U.S. 1, 10 (1972). "The burden of proving unreasonableness is a heavy one," Afram Carriers, 145 F.3d at 301, however, and that burden has not been met here. Accordingly, the judgment of the district court is AFFIRMED.
AFFIRMED.

```
              UNITED STATES COURT OF APPEALS           U.S. COURT OF APPEALS
                   For the Fifth Circuit                    FILED

                                                          MAR 1 7 2003
                      No. 02-30712
                    Summary Calendar                    CHARLES R. FULBRUGE III
                                                              CLERK
```

ALCAN RUBBER AND CHEMICAL INC.,

                                            Plaintiff-Appellant,

VERSUS

STAR GRAN M/V, ETC; ET AL.,

                                                       Defendants,

P.T. ANDHIKA LINES,

                                            Defendant-Appellee.

---

Appeal from the United States District Court
For the Eastern District of Louisiana
(00-CV-33-S)

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Appellant Alcan Rubber and Chemical appeals the district court's grant of summary judgment to defendant P.T. Andhika Lines

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

on grounds of lack of subject matter jurisdiction. The district court cited a forum selection clause in the bills of lading between the parties indicating that any dispute between the parties was to be decided "in the country where the carrier has his principal place of business...." Alcan now argues that we should refuse to honor this clause and allow it to bring its claim in federal court.

"The enforceability of a forum-selection or arbitration clause is a question of law which is reviewed de novo." Afram Carriers v. Moeykens, 145 F.3d 298, 301 (5th Cir. 1998). Forum selection clauses are prima facie valid, and should be enforced unless the resisting party shows that enforcement is "unreasonable." M.S. Bremen v. Zapata-Off Shore Co., 407 U.S. 1, 10 (1972). "The burden of proving unreasonableness is a heavy one," Afram Carriers, 145 F.3d at 301, however, and that burden has not been met here. Accordingly, the judgment of the district court is AFFIRMED.
AFFIRMED.

**U.S. COURT OF APPEALS**
**FILED**
**MAR 2 5 2003**
CHARLES R. FULBRUGE III
CLERK

CP-JDT-7

**UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT**

**BILL OF COSTS**

U.S. COURT OF APPEALS
RECEIVED
MAR 25 2003
NEW ORLEANS, LA

NOTE: **The Bill of Costs is due in this office within 14 days from the date of the opinion.** See FED. R. APP. P. & 5TH CIR. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.

Alcan Rubber & Chemical, Inc.
v.                                                                      No. 02-30712
M/V STAR GRAN, etc., et al

The Clerk is requested to tax the following costs against: Alcan Rubber & Chemical

| COSTS TAXABLE UNDER FED. R. APP. P. & 5TH CIR. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket fee ($100.00) | | | | | | | | |
| Appendix or Record Excerpts | | | | | 15 | 37 | .085 | 47.18 |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | 18 | 37 | 0.085 | 107.33 | 15 | Ansg.14 tse | 1.50 | 22.50 6.28 |
| Appellant's Reply Brief | | | | | | | | |
| Other: | | | | | | | | |
| | | Total $ | | 107.33 | | | | |

Costs are hereby taxed in the amount of $ 75.96 this 8th day of April, 2003.

CHARLES R. FULBRUGE III, CLERK
By [signature]
Deputy Clerk

Costs are taxed in the amount of $ 75.96

State of _____
County of _____

I, Mary Campbell Hubbard , do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This 25th day of March, 2003.

[signature]
(signature)

Attorney for P.T. Andhika Lines

* SEE REVERSE SIDE FOR RULES GOVERNING TAXATION OF COSTS